

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-12-2008

# Yulianti v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4807

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Yulianti v. Atty Gen USA" (2008). *2008 Decisions.* Paper 540.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/540

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4807
_____

FNU YULIANTI,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Review of a Decision of the
Board of Immigration Appeals
Immigration Judge: Honorable Charles M. Honeyman
(No. A97-478-822)
_____

Submitted Under Third Circuit LAR 34.1(a)
September 10, 2008
Before: SLOVITER, STAPLETON and COWEN, Circuit Judges

(Filed : September 12, 2008)

_____

OPINION
_____

PER CURIAM

Yulianti, an Indonesian native and citizen, petitions for review of a final order of

the Board of Immigration Appeals ("BIA") vacating the Immigration Judge's ("IJ") grant

of asylum relief.  Before the IJ, Yulianti stated that she feared persecution based on her

Chinese heritage and her practice of Christianity. The IJ found that Yulianti was ineligible for asylum based on her past experiences but determined that she demonstrated a well-founded fear of future persecution based on a pattern and practice of persecution of Chinese Christians in Indonesia. The Government appealed and the BIA, based on our holding in Lie v. Ashcroft, 396 F.3d 530 (3d Cir. 2005), remanded the case to the IJ for a more specific ruling on possible changed conditions in Indonesia since 1999. On remand, the IJ, relying on the 2004 State Department Country Report and 2005 International Religious Freedom Report for Indonesia, issued a decision granting asylum based on a well-founded fear of future persecution. The Government once again appealed to the BIA. A single member of the BIA sustained the appeal and ordered Yulianti removed to Indonesia. Yulianti now petitions this Court for review of the BIA's order.

Yulianti contends that the BIA erred by failing to provide review by a three-member panel. See Purveegiin v. Gonzales, 448 F.3d 684, 692 (3d Cir. 2006) (BIA's discretion to employ single-member review is subject to judicial review). Under 8 C.F.R. § 1003.1(e)(5), the only circumstance in which a single member may reverse a decision of an immigration judge is "if such reversal is plainly consistent with and required by intervening Board or judicial precedent, by an intervening Act of Congress, or by an intervening final regulation." Here, the BIA disagreed with the IJ's assessment of country conditions and whether Yulianti established a well-founded fear of persecution in Indonesia. Thus, "[t]he BIA's reversal was based not on intervening legal precedent, but

on factual disagreements between the immigration judge and the authoring Board

member."[1] Purveegiin, 448 F.3d at 692; see also Voci v. Gonzales, 409 F.3d 607, 613 (3d

Cir. 2005) (whether a petitioner has demonstrated a well-founded fear of future

persecution is a factual determination). Where the BIA's contrary findings of fact

necessitate reversal, the regulations anticipate that the case will be assigned to a three-

member panel to ensure complete and thorough review of the record. Id. at 693.

Accordingly, the petition for review will be granted. We will remand this matter

to the Board of Immigration Appeals for further proceedings consistent with this

opinion.[2]

---

[1] As noted above, our opinion in Lie was decided between the IJ's first decision and the Government's first appeal to the BIA.

[2] We express no opinion on the merits of Yulianti's application for asylum.